FILED

UNITED STATES DISTRICT COURT OCT -9 P 1: 2b

MIDDLE DISTRICT OF FLORIDA CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

|  |  |
|---|---|
| ENPAT, INC.,<br>a Florida Corporation,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Pavel Budnic,<br>an individual,<br>　　　　　　Defendant. | ) Case No.:<br>) 3:10-cv-928-f-34fBT<br>)<br>) PLAINTIFF ENPAT, INC.'s<br>) COMPLAINT AND<br>) DEMAND FOR JURY TRIAL<br>)<br>) INJUNCTIVE RELIEF<br>) SOUGHT<br>)<br>)<br>) |

Plaintiff, Enpat, Inc. brings this action for injunctive relief
and for the recovery of damages and attorney's fees and costs
arising from infringement of United States Patent No. 6,328,260
("the '260 patent") against Defendant Pavel Budnic and alleges as
grounds therefore the following.


## SUBJECT MATTER JURISDICTION

1.　　The claims alleged below are brought under the Patent
Laws of the United States, 35 U.S.C. §1 *et seq*.  This Court has

original and exclusive jurisdiction over these claims pursuant to 28 U.S.C. §1338(a).

## PARTIES

2.     Plaintiff Enpat, Inc. ("Enpat") is a corporation duly organized and existing under the laws of the State of Florida, with its corporate headquarters and principal place of business at 610 Baytree Drive, Melbourne, FL 32940.

3.     Defendant Pavel Budnic is, on information and belief, an individual residing in Duval County, Florida.

## PERSONAL JURISDICTION AND VENUE

4.     The Court has personal jurisdiction over Defendant Budnic and subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§1391(b).

## GENERAL ALLEGATONS

6.     Lake Amphibious Seaplanes ("Lake Aircraft") are single engine boat-hulled pusher-propeller amphibian aircraft.

7.     On or around October 6, 1999, the Federal Aviation Administration ("FAA") published a notice of proposed rulemaking ("NPRM") regarding Lake Aircraft. *See* 64 FR 54234.

8.     The NPRM would have required every owner of a Lake Aircraft to remove the wings from the aircraft, inspect for cracks in the wing spar caps and doublers, and repair any cracks as necessary.

9.     The anticipated costs for compliance with the NPRM would have been approximately $40,000.00 or more per airplane.

10.    In response to the NPRM, non-party Aerofab, Inc. ("Aerofab") developed a wing spar modification kit that could be installed on Lake Aircraft to address the problem identified in the NPRM while avoiding the cost, expense, and risk associated with removing the aircraft wings.

11.    Aerofab sought and obtained FAA approval of the wing spar modification kit.

12.   Aerofab developed and obtained approval of the wing spar modification kit at its own significant expense.

13.   On or around June 20, 2000, the FAA issued an Airworthiness Directive (AD) requiring owners of all affected aircraft to install the wing spar modification kit developed by Aerofab.

14.   The inventors of the wing spar modification kit filed for patent protection under the Patent Laws of the United States on October 25, 2000.

15.   Upon information and belief, non-party JCM Aerodesign Limited ("JCM") manufactured or distributed a wing spar modification kit ("Knock-Off Kit") that was a direct copy of the Aerofab wing spar modification kit.

16.   JCM copied Aerofab's approved wing spar modification kit.

17.   Upon information and belief, JCM obtained FAA approval to use the Knock-Off Kit as an alternative method of compliance with the AD.

18.    On December 11, 2001, the '260 patent, entitled "Wing Spar Modification Kit" was granted to inventors Jack M. Tarbox and Philip J. Baker, the inventors of the Aerofab wing spar modification kit.  A copy of the '260 patent is attached as Exhibit "A", and incorporated herein by reference.

19.    In general, the claims of the '260 patent relate to a kit to be installed on a Lake Aircraft to reduce or prevent cracking in the wing spars.

20.    Subsequent to issuance of the '260 patent, all right, title and interest in and to the '260 patent were assigned to Revo, Inc., a New Hampshire corporation.

21.    Revo, Inc. then assigned all right, title and interest in and to the '260 patent to Plaintiff Enpat, which is now the owner of all right, title and interest in and to the '260 patent including the right to recover for past infringement.

22.    Plaintiff Enpat is an active licensor and enforcer of the '260 patent, having granted licenses thereto.

23. On or around, October 4, 2010 Defendant Budnic caused a Knock-Off Kit to be installed on a LA4/200 aircraft which he owned. *See* Exhibit B.

24. Upon information and belief, Defendant Budnic uses, in the Middle District of Florida, one or more airplanes that have Knock-Off Kits installed.

25. The Knock-Off Kit infringes one or more claims of the '260 patent.

26. The '260 patent has completed a reexamination proceeding with each and every claim remaining valid, enforceable, and unchanged.

27. Defendant Budnic's use of the aircraft is a direct violation of 35 U.S.C. § 271 because, upon information and belief, it contains the Knock-Off Kit.

28. Defendant Budnic is acting without authorization or license from Plaintiff Enpat or any prior owner of the patent.

29. Defendant Budnic's infringing activities have caused Plaintiff Enpat a compensable injury and are likely to cause

irreparable injury to Plaintiff Enpat unless Defendant Budnic's infringement is enjoined.

30.    Defendant Budnic is willfully infringing the '260 patent.

31.    Pursuant to 35 U.S.C. § 282, the '260 patent enjoys a presumption of validity.


## COUNT ONE

## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,328,260

## UNDER 35 U.S.C. §271(a)


32.    Paragraphs one (1) through thirty-one (31) are re-alleged and incorporated as if fully set forth herein.

33.    Defendant Budnic has used, and will continue to use, in this judicial district and elsewhere throughout the United States, the Knock-Off Kit that infringes one or more claims of the '260 patent.

34.    Defendant Budnic's Knock-Off Kit infringes one or more of the claims of the '260 patent.

35.    By using the Knock-Off Kit, Defendant Budnic has directly infringed, and will continue to directly infringe, one or more claims of the '260 patent under 35 U.S.C. §271(a).

36.    Defendant Budnic's infringement of the '260 patent has been and continues to be willful and deliberate.

37.    As a direct and proximate consequence of the acts and practices of Defendant Budnic, Plaintiff Enpat has been, is being, and will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284.

WHEREFORE, Plaintiff Enpat prays for the entry of a judgment from this Court:

(1)    Declaring, pursuant to 35 U.S.C. § 271, that Defendant Budnic has directly infringed one or more of the claims of the '260 patent;

(2)    Declaring that Defendant Budnic has willfully infringed one or more claims of the '260 patent;

(3)    Deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiff Enpat to an award of its

reasonable attorney fees, expenses and costs in this action;

(4)     Awarding compensatory damages based on reasonable royalties, lost profits, reduced profits, prejudgment interest, and/or for any other available damages based on any form of recoverable economic injury sustained by Plaintiff Enpat as a result of Defendant Budnic's infringement pursuant to 35 U.S.C. §284;

(5)     Awarding permanent injunctive relief enjoining the use of any instrumentality that infringes any of the claims of the '260 patent pursuant to 35 U.S.C. §283;

(6)     Awarding Plaintiff Enpat treble damages pursuant to 35 U.S.C. §284;

(7)     Awarding Plaintiff Enpat costs and attorneys' fees pursuant to 35 U.S.C. §285; and

(8)     Awarding Plaintiff Enpat such other and further relief as this Court deems just and proper.

Respectfully submitted.

DATED this 5th day of October, 2010.

BY: _____

Stephen C. Thomas, **Trial Counsel**
Florida Bar No. 0641006
Robert A. Lynch
Florida Bar No. 0026459
Kelly G. Swartz
Florida Bar No. 0057563
Hayworth, Chaney, & Thomas P.A.
202. N. Harbor City Blvd., Suite 300
Melbourne, Florida 32935
Phone: (321) 253-3300
Facsimile: (321) 253-2546
sthomas@hctlaw.com
rlynch@hctlaw.com
kswartz@hctlaw.com
Attorneys for Plaintiff Enpat, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff, Enpat, Inc. hereby demands a trial by jury on all issues so triable.

DATED this 5th day of October, 2010.

BY: _____

Stephen C. Thomas, **Trial Counsel**
Florida Bar No. 0641006
Robert A. Lynch
Florida Bar No. 0026459
Kelly G. Swartz
Florida Bar No. 0057563
Hayworth, Chaney, & Thomas P.A.
202. N. Harbor City Blvd., Suite 300
Melbourne, Florida 32935
Phone: (321) 253-3300
Facsimile: (321) 253-2546
sthomas@hctlaw.com
rlynch@hctlaw.com
kswartz@hctlaw.com

Attorneys for Plaintiff Enpat, Inc.